Perry BROWN, Sr., Appellant,

v.

DORSETT BROTHERS CONCRETE
SUPPLY, INC., Appellee.

No. A14–85–597–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Jan. 30, 1986.

Thomas M. Harlan, Alvin, for appellant.

Charles A. Brown, Dan Weathers, Pasadena, for appellee.

Before J. CURTISS BROWN, C.J., and
PAUL PRESSLER and ELLIS, JJ.

OPINION

J. CURTISS BROWN, Chief Justice.

This is an appeal from a judgment foreclosing on appellee's materialman's lien and ordering appellant to pay appellee $4,751.08 for materials used to construct concrete slabs on appellant's property in Brazoria County. Appellant contends the trial court erred in foreclosing on the lien as the required notice given to appellant was defective. Appellant also contends the trial court erred in entering a money judgment in favor of the appellee because there are no pleadings to support a judgment against appellant for goods or materials. We affirm the money judgment in favor of the appellee but, finding that the notice was defective, we reverse the trial court's order foreclosing on the lien.

Appellant, the owner of real property in Brazoria County, entered into a contract with a general contractor for the construction of airport concrete hangar slabs on appellant's property. The general contractor in turn subcontracted with appellee for the supply of materials for the construction of the hangar slabs. When not paid after the materials were furnished, appellee sent appellant and the general contractor a demand letter followed by copies of a lien affidavit filed in Brazoria County. When appellee still was not paid, it brought suit to foreclose on this lien. The trial court entered judgment foreclosing on the lien and granting a money judgment in favor of the appellee.

In his first point of error the appellant contends the trial court erred in foreclosing on the lien because the required notice to appellant was defective in that it did not contain the warnings required by the statutes covering materialmen's liens.

The statute in effect at the time this suit was instituted was Tex.Rev.Civ.Stat.Ann.

art. 5453 (Vernon 1958).[1] Article 5453 is now codified in Tex.Prop.Code Ann. § 53.056 (Vernon 1984), and describes what steps are necessary for a subcontractor to perfect a statutory lien. The statutes require the subcontractor to file a lien affidavit in the office of the county clerk in which the property is located and to send to the owner two copies of the affidavit by certified or registered mail. In addition, article 5453 specifies that a lien claim shall not be valid or enforceable unless the subcontractor shall also have complied with the applicable notice requirements. One such requirement is that the notice contain or be accompanied by some form of statement to the owner to the effect that if the bill remains unpaid he may be personally liable and his property subjected to a lien unless he withholds payments from the contractor for the payment of the bill or unless the bill is otherwise paid or settled.

The only notice sent to appellant by appellee consisted of a demand letter dated September 23, 1983, with the following warning:

> We demand payment of these invoices within (10) ten days from the date of this letter. If payment is not made, we will take action to protect our interest in the materials provided on this project. All previous payments and credits have been applied to your account.

> Please note that this constitutes notice under the provisions of article 5160, RCS of Texas, which we are required to send you in order to protect our interests.

■ This notice did not contain the statutory warning that unless appellant paid the claim or it was otherwise settled he might be held personally liable and his property subjected to a lien. Appellee cites *First National Bank in Graham v. Sledge*, 653 S.W.2d 283 (Tex.1983), for the proposition that substantial compliance with the statutes is sufficient to perfect a lien, and that since appellant received a copy of the invoice, demand for payment and the lien

affidavit, appellee substantially complied with article 5453. However, the court in *First National Bank in Graham v. Sledge* also stated that this particular statutory warning is a condition precedent; without it no lien can be imposed under article 5463 (the "trapping" statute). *Id.* at 287. Therefore, the notice sent to appellant was defective and the lien unenforceable. Appellant's first point of error is sustained.

■ In his second point of error the appellant claims the trial court erred in entering a money judgment for the appellee as the pleadings are insufficient to support the judgment against appellant for goods or materials. In particular appellant contends that appellee's pleadings do not allege a direct debt owed by appellant to appellee nor do they allege an agreement or obligation entered into between appellant and appellee. However, contrary to appellant's contention, appellee's original petition states that "On or about September 10, 1983, [appellee] and [appellant and contractor] entered into an agreement for the supply of materials and installation of concrete at Cloverfield Airport...." The petition also contains the statement that "[appellant and contractor] are obligated to pay [appellee] the sum of $4,751.08 under the agreement for materials and labor purchased and used by [appellee]...." In addition, as no statement of facts was filed, this court must presume that every fact necessary to support the findings and judgment was proved at trial. *Texas Construction Group, Inc. v. City of Pasadena*, 663 S.W.2d 102, 105 (Tex.App.—Houston [14th Dist.] 1983, writ dism'd). Appellant's second point of error is overruled.

The portion of the trial court's judgment ordering appellant to pay appellee $4,751.08 is affirmed while we reverse and remand to the trial court that portion of the judgment foreclosing on appellee's lien with instructions to set aside the foreclosure.

---

**1.** The Hardeman Act, ch. 224, § 1, 1929 Tex. Gen.Laws 478, *repealed by* Acts of June 19, 1983, ch. 576, § 6, 1983 Tex.Gen.Laws 3729, 3730.