**INDUSTRIAL STRUCTURE AND FABRICATION, INC., Appellant,**

v.

**ARROWHEAD INDUSTRIAL WATER, INC., and Air Products and Chemicals, Inc., Appellees.**

No. 01–93–01111–CV.

Court of Appeals of Texas, Houston (1st Dist.).

July 7, 1994.

Released for Publication Aug. 4, 1994.

Kevin H. Bell, Houston, for appellant.

Andrew S. Hanen, James R. Old, Jr., Houston, for appellees.

Before HEDGES, ANDELL and DUGGAN, JJ.

## OPINION

DUGGAN, Justice.

This is the appeal of a take-nothing summary judgment in a breach of contract case in favor of appellees, Arrowhead Industrial Water, Inc. (Arrowhead) and Air Products and Chemicals, Inc. (Air Products), and

against appellant, Industrial Structures and Fabrication, Inc. (Industrial). We affirm.

Air Products retained the services of Arrowhead, a general contractor, to make improvements to its plant in Pasadena, Texas. Arrowhead then contracted on February 7, 1991, with Industrial, a subcontractor, to erect two buildings and a tank pad at Air Products' Pasadena facility. The original contract price for completion of the project was $62,300. However, Industrial's Purchase Order Confirmation provided that all terms and conditions would be in accordance with Industrial's proposal, which stated:

> Prices stated herein are firm for the duration of the contract, but may be adjusted to reflect changes in the scope if such changes are subsequently agreed to in writing as an addendum to this contract.

By agreement, Arrowhead and Industrial amended their contract on May 7, 1991, to reflect the additional cost of design and construction of some of the project's load-bearing supports. The amended contract price was $72,930. On June 3, 1991, Arrowhead tendered the last of three payments to Industrial, totaling $72,930. On June 7, 1991, Industrial sent Arrowhead a demand letter requesting an additional $29,994.18. This amount had not been agreed to in writing as required by the terms of Industrial's proposal.

On June 10, 1991, Industrial filed a mechanic's and materialman's lien against Arrowhead for the balance allegedly due on the improvements made at Air Products' facility in Pasadena. On September 10, 1991, Industrial sued Arrowhead for breach of contract and both Arrowhead and Air Products for quantum meruit and implied contract and attempted to foreclose on its lien.

Air Products moved for summary judgment on the foreclosure action on the basis that Industrial's lien on Air Products' real property was invalid for failure to comply with TEX.PROP.CODE ANN. § 53.001, et seq (Vernon 1984)[1]. Air Products also sought a declaratory judgment to remove the cloud on title created by the invalid lien. Arrowhead moved for summary judgment and sought a declaratory judgment that it had fully performed under the terms of the contract with Industrial.

Both summary judgments were granted. The final judgment held that the contract between Industrial and Arrowhead had been fully performed and that Industrial take nothing. The judgment declared Industrial's lien against Air Products' Pasadena facility to be null, void, and unenforceable, and awarded attorney's fees of $13,560.80 to Arrowhead and $7,483.17 to Air Products.

In its first and second points of error, Industrial contends the trial court erred in granting the summary judgment and declaring the lien null, void, and unenforceable for failure to comply with the Property Code.

■ Under TEX.R.CIV.P. 166a(c), summary judgment is proper only when a movant establishes that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. *Williams v. Glash,* 789 S.W.2d 261, 264 (Tex. 1990). In reviewing the granting of a motion for summary judgment, this Court must take as true all evidence favorable to the nonmovant. *Nixon v. Mr. Property Management, Inc.,* 690 S.W.2d 546, 548–49 (Tex.1985). Every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in its favor. *Continental Casing Corp. v. Samedan Oil Corp.,* 751 S.W.2d 499, 501 (Tex.1988).

■ When a lien claim arises, as here, from an original contractor's alleged debt, a subcontractor must give notice of the unpaid balance to the owner of the property. TEX. PROP.CODE ANN. § 53.056(c). This notice must inform the owner that if the bills remain unpaid, the owner may be personally liable and the owner's property subjected to a lien unless the owner withholds payment from the contractor to pay the subcontractor's bill or the bill is otherwise paid or settled. § 53.056(d). The notice to the owner must be sent by registered or certified mail. § 53.056(e). For the lien to be valid, a claimant must comply with all of the requirements of § 53.056. § 53.056(a).

---

1. Unless otherwise indicated, all references to the Property Code are to the 1984 version.

■ The summary judgment evidence shows that Industrial, the subcontractor, gave Air Products, the owner, no notice of Industrial's claim of contractor Arrowhead's unpaid balance. Air Products' materials manager testified by deposition that Air Products never received notice of a dispute between Industrial and Arrowhead via registered or certified mail as required by the statute. Attached to Air Products' motion for summary judgment was a copy of a letter from Industrial, the subcontractor, to Air Products, the owner of the facility, stating that Industrial was under no legal obligation to inform Air Products of this dispute because it believed Arrowhead, the general contractor, was the owner of the property, not Air Products. Industrial's letter states that it sent a copy of the lien affidavit to Air Products only as a courtesy, not as an attempt to comply with the governing statutes.

In its response to Air Products' motion for summary judgment, Industrial did not allege it gave Air Products proper notice. Instead, Industrial argued it was not required to do so because it believed Arrowhead was the "owner or reputed owner" of the property and that Industrial was the original contractor, not a subcontractor. However, the summary judgment record contains numerous references in the contracts between Industrial and Arrowhead that establish Industrial had at least constructive if not actual knowledge that the plant was owned by Air Products, not Arrowhead, and that Arrowhead was the original contractor. These references include the following:

1. In a purchase order confirmation sent by Industrial to Arrowhead: "We, at Industrial Structures and Fabrication, Inc., are pleased that you have elected to use our services for your projects at Air Products and Chemicals in La Porte, Texas."

2. In correspondence from Industrial to Arrowhead regarding an amendment to the proposal: "Subject: ISFI Proposal 5077—Amendment. Design and Installation of Concrete Pads and Buildings for Air Products and Chemicals in LaPorte, Texas."

3. In an Industrial Amended Proposal: "Delivery and Installation of two buildings with Foundations, and one tank pad for Air Products and Chemicals, LaPorte."

4. In an Industrial "Scope of Supply and Work" correspondence: "ISFI Proposal 5077—Amended ... for Air Products and Chemicals."

5. In an invoice from Industrial dated May 7, 1991: "To provide supervision, labor, and equipment to erect ... steel metal building at Air Products plant located in Pasadena, Texas."

From this record, it is apparent that Industrial either knew or should have known that Air Products was the owner of the plant described in the lien and that Arrowhead was the original contractor. Consequently, to have complied with the statutes, Industrial would have had to notify Air Products by registered or certified mail of its claims against Arrowhead and that Air Products' property was subject to a lien unless the bills were paid. TEX.PROP.CODE ANN. § 53.056.

A lien affidavit must contain: (1) a sworn statement of the claim, including the amount; (2) the name of the owner or the reputed owner, if known; (3) a general statement of the kind of work done and materials furnished by the claimant; (4) the name of the person by whom the claimant was employed or to whom the claimant furnished the materials or labor; (5) the name of the original contractor; and (6) a legal description of the property sought to be charged with the lien. TEX.PROP.CODE ANN. § 53.054.

■ Industrial contends that naming the original contractor, Arrowhead, as the "owner or reputed owner" of the property obviates its duty to give the actual owner, Air Products, notice of the unpaid balance as required by § 53.056(c). As support for this contention, Industrial relies on *Valdez v. Diamond Shamrock Refining & Marketing Co.*, 842 S.W.2d 273 (Tex.1992). Valdez, a subcontractor, filed a lien affidavit against a 7.9 acre tract of land owned by Opus I Ltd. (Opus). *Id.* at 274. When Valdez began the construction that was the subject of the lien claim, Opus owned the entire tract. *Id.* Halfway through the construction, Opus replatted the tract, divided it into an .8 acre parcel and a 7.1 acre parcel, and sold the .8

acre parcel to Diamond Shamrock. Opus' deed to Diamond Shamrock was then properly recorded. *Id.* When Valdez sought to foreclose on the entire 7.9 acre tract identified in the lien, Diamond Shamrock complained that the lien was ineffective because it never received notice of the filing of the lien affidavit. *Id.*

Shamrock argued that Opus intended the .8 acre lot to be separate from the entire tract as shown by a loan agreement that referred to the .8 acre lot as a "release tract". 842 S.W.2d at 275. The supreme court stated:

> The financing agreement, which evidently was not included in the deed records, does not serve the same legal purposes of a duly recorded replatting ... Valdez had no reason to believe anything other than that Opus owned the 7.9-acre tract as an undivided lot.
>
> The most reasonable and pragmatic interpretation of the term "lot", for purposes of section 53.022, is that it refers to a single tract of land as recorded in the county records. Accordingly, a properly perfected lien by Valdez would extend to the lot that existed when construction began—the entire undivided 7.9 acres. *Id.*

Our facts are readily distinguishable from *Valdez.* While Valdez relied upon the property records in forming his belief concerning the tract's ownership, Industrial has not asserted any basis for its belief that Arrowhead was the owner of the property. In fact, if Industrial had searched the deed records where it filed the lien, it would have learned that Air Products was the owner of the property. The *Valdez* Court did "not see the need to impose an additional burden on subcontractors to recheck deed records for a purchase that occurs after construction has started." *Id.* at 276. Here, Industrial never checked the deed records.

In *Valdez,* Diamond Shamrock obtained the .8-acre lot after Valdez began construction. In the case before us, Air Products owned the Pasadena facility long before Industrial, the subcontractor, entered into its contract with Arrowhead, the general contractor. While the supreme court held in *Valdez* that the Property Code does not re-

quire prospective lien holders to search the property records in order to determine actual ownership, it did not absolve the lien holder from its duty to make an effort to determine ownership. *Id.* "A contractor or subcontractor is entitled to rely on representations of ownership made by the parties with whom the contract deals." *Id.* Here, Industrial does not allege that Arrowhead misled or misinformed it by any representations as to the ownership of the facility. To the contrary, the parties' contracts contained in the record indicate that Industrial was aware that Air Products, not Arrowhead, owned the plant.

■ A subcontractor's lien rights are totally dependent on its compliance with the statutes authorizing the lien. *First Nat. Bank v. Sledge,* 653 S.W.2d 283, 285 (Tex. 1983). In *Brown v. Dorsett Brothers Concrete Supply, Inc.,* 705 S.W.2d 765 (Tex. App.—Houston [14th Dist.] 1986, no writ), the court held that the failure to provide the owner notice of the unpaid balance renders a subcontractor's lien invalid, despite evidence that the owner received an invoice, demand for payment, and the lien affidavit. *Id.* at 766.

Air Products established as a matter of law that Industrial failed to provide it with notice of the unpaid debt as required by the Property Code. Therefore, the granting of Air Products' motion for summary judgment was proper. We overrule Industrial's first two points of error.

■ In its third point of error, Industrial contends the trial court erred in awarding attorneys' fees. The granting of attorney's fees in a declaratory judgment action lies within the sound discretion of the trial court and will not be overturned on appeal absent a clear showing that it abused its discretion. *Texstar N. Am. v. Ladd Petroleum,* 809 S.W.2d 672, 679 (Tex.App.—Corpus Christi 1991, writ denied) (citing *Oake v. Collin County,* 692 S.W.2d 454, 455 (Tex.1985)). "A party bringing a counterclaim may recover attorney's fees under the Uniform Declaratory Judgment Act if its counterclaim is more than a mere denial of the plaintiff's cause of action." *HECI Exploration Co. v. Clajon*

*Gas Co.*, 843 S.W.2d 622, 638 (Tex.App.—Austin 1992, writ denied) (citing *BHP Petroleum Co. v. Millard*, 800 S.W.2d 838, 841–42 (Tex.1990)). Both Air Products and Arrowhead did more by their counter-claims against Industrial than "mere denial" of Industrial's causes of action.

Air Products' answer and counterclaim sought a declaratory judgment to remove the cloud on the title of its plant site in Pasadena resulting from the invalid lien Industrial filed in the deed records. Similarly, Arrowhead's counterclaim sought a declaratory judgment that the contract between it and Industrial was fully performed, that both parties were discharged under the contract, and that no other obligation existed on Arrowhead's part. Because Air Products and Arrowhead both sought, by counterclaims, declaratory judgments that were more than mere denials of Industrial's claims, the trial court did not abuse its discretion in awarding attorney's fees. We overrule Industrial's third point of error.

We affirm the judgment of the trial court.