Opinion issued March 4, 2004












In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00140-CV




DAS INVESTMENT CORPORATION, DAS INVESTMENTS, ILABEN M.
PATEL, INDIVIDUALLY AND AS HEIR TO THE ESTATE OF MANUBHAI G.
PATEL, DECEASED, AND MONTU PATEL, REPRESENTATIVE OF THE
ESTATE OF MANUBHAI G. PATEL, DECEASED, Appellants

V.

EMRIC NOWAK AND THELMA NOWAK, Appellees




On Appeal from County Civil Court at Law No. 1
Harris County, Texas
Trial Court Cause No. 758,157-002




MEMORANDUM OPINION
           Appellants, DAS Investment Corporation, DAS Investments, Ilaben M. Patel,
Individually and as Heir to the Estate of Manubhai G. Patel, Deceased, and Montu Patel,
Representative of the Estate of Manubhai G. Patel, Deceased (appellants), appeal the
summary judgment, rendered in favor of appellees, Emric Nowak and Thelma Nowak, which
denyed the award of attorney’s fees to appellants as a matter of law. We affirm. 
BACKGROUND
           In 1990, the Nowaks entered into an agreement with appellants in which the Nowaks
agreed to sell certain real property to appellants and appellants agreed to assume payment of
an outstanding loan secured by the property and to pay $30,000, secured by a deed of trust
on the property, to the Nowaks upon demand. The parties also agreed that the Nowaks would
continue to live on the property and would not make a demand for the $30,000 payment until
they vacated the property. The Nowaks vacated the property in 1997 and demanded payment
of the $30,000 note in January 2000. Appellants did not pay the note. In June 1997, Thelma
Nowak had filed two liens against the property in the property records of Harris County, and,
in August 2000, she filed two additional liens in Harris County. 
           In August 2001, the Nowaks sued on the note. Appellants answered the suit and, on
July 8, 2002, counterclaimed, alleging that one of the 1997 liens had been released and that
the remaining three liens constituted a cloud on the title to the property. In the counterclaim,
appellants pleaded, “This is a suit for Declaratory Judgment that Liens set out in Exhibits
Two, Three and Four above are a Cloud on the title to the . . . real property . . . .” Appellants
admitted that they had sustained no damages, but requested exemplary damages and
reasonable and necessary attorney’s fees.


 Appellants prayed “for Judgment determining [the
three liens] be declared of no force and effect; canceling [the liens]; removing them as Cloud
on [appellants’] Title . . . .” 
           On July 25, 2002, the Nowaks filed releases of the three liens. Appellants then filed
a motion to dismiss the counterclaim as moot and requested reasonable attorney’s fees under
the Declaratory Judgments Act.


 The Nowaks filed a motion for summary judgment in which
they argued that the counterclaim was not a declaratory judgment, but a suit to remove a
cloud on the title of the property, and that attorney’s fees may not be awarded in such a suit. 
The trial court granted the motion for summary judgment and decreed that appellants were
“not entitled to attorney’s fees as a matter of law.” In appellants’ sole issue on appeal, they
contend that the trial court erred in granting the motion for summary judgment and holding
that appellants are not entitled to attorney’s fees as a matter of law. 
DISCUSSION
Standard of Review
           Summary judgment under rule 166a(c) is proper only when the movant establishes that
there is no genuine issue of material fact and that the movant is entitled to judgment as a
matter of law. Tex. R. Civ. P. 166a(c); Randall’s Food Mkts., Inc. v. Johnson, 891 S.W.2d
640, 644 (Tex. 1995); Lawson v. B Four Corp., 888 S.W.2d 31, 34 (Tex. App.—Houston [1st
Dist.] 1994, writ denied). The facts are not disputed in this case, and the only issue is
whether the Declaratory Judgments Act applies to grant the trial court the discretion to award
attorney’s fees. 
Appellants’ Cause of Action
           Appellants contend that their cause of action was brought under the Declaratory
Judgments Act and is not simply a suit to remove a cloud from their title. Appellants rely in
part on Jackson v. City of McKinney, which, they contend, establishes a precedent. See No.
05-00-00062-CV, 2001 WL 946811 (Tex. App.—Dallas, Aug. 22, 2001, no pet.) (not
designated for publication). 
           Jackson is not precedential, see Tex. R. App. P. 47.7, nor is it on point. Jackson
involved a challenge to the constitutionality of a city ordinance that allowed the city to make
paving assessments against residents’ property and to place liens on the property so assessed. 
Id. at *1. The plaintiffs alleged that the ordinance was unconstitutional, the assessments
were invalid, and the liens clouded their titles. Id. Thus, the lawsuit was not brought merely
to remove a cloud from the titles. 
           Appellants also cite Industrial Structure & Fabrication, Inc. v. Arrowhead Industrial
Water, Inc. to support their claim for attorney’s fees. See 888 S.W.2d 840 (Tex.
App.—Houston [1st Dist.] 1994, no writ). In Industrial Structure, one of the defendants, Air
Products, sought a declaratory judgment to remove the cloud on title created by a mechanic’s
lien, which it alleged to be invalid. Id. at 842. The trial court granted Air Products’ motion
for summary judgment and awarded attorney’s fees to Air Products. Id. Industrial Structure
appealed the summary judgment, which declared the lien null, void, and unenforceable. Id. 
Industrial Structure did not complain about the application of the Declaratory Judgments Act
or the award of attorney’s fees. Thus, those issues were not before this Court in that case. 
           The application of the Declaratory Judgments Act to a suit to remove a cloud on title
and the award of attorney’s fees in such a suit were brought before this Court in Southwest
Guaranty Trust Co. v. Hardy Road 13.4 Joint Venture. 981 S.W.2d 951 (Tex.
App.—Houston [1st Dist.] 1998, pet. denied). In Southwest Guaranty, the joint venture sued
for a declaration that a lien was invalid and for negligence, gross negligence, intentional
wrongdoing, fraud, breach of and conspiracy to breach fiduciary duties, statutory fraud,
tortious interference with a contract, conversion, conspiracy to convert, and quieting of title. 
Id. at 952-53. The trial court’s judgment, rendered on a jury verdict for the joint venture,
removed cloud of title, declared the lien unenforceable and invalid, and awarded damages,
but denied attorney’s fees. Id. at 953. On appeal, we noted that declaratory judgment was
the only claim for which attorney’s fees could be recovered and stated:
A declaratory judgment action may not be used solely to obtain attorney’s fees
that are not otherwise authorized by statute or to settle disputes already
pending before a court. 

Id. at 956. We examined the joint venture’s pleading, which alleged that the filed Deed of
Trust created a cloud on the title to the property and that the bank’s lien on the property was
invalid. Id. The joint venture prayed for a declaratory judgment that the Deed of Trust and
lien were invalid. Id. at 957. We concluded that the joint venture’s declaratory judgment
claim was really a claim to quiet title. Id. We determined that the suit for declaratory
judgment was no more than a suit to quiet title, and we affirmed the trial court’s denial of
attorney’s fees. Id. 
           In the present case, appellants’ counterclaim alleged that three liens were a cloud on
their title to the property at issue and that the liens were unenforceable and prevented
appellants from having good and marketable title to the property. Like the joint venture in
Southwest Guaranty, appellants did not seek to construe any terms of the liens. See id. 
Appellants prayed that the three liens “be declared of no force and effect; canceling said
instruments; removing them as Cloud on Counter-Plaintiff’s Title, and for all other relief”
to which they were justly entitled. Appellants also requested attorney’s fees. 
           We hold that appellants’ claim was one to quiet title and, therefore, appellants were
not entitled to attorney’s fees. We overrule appellants’ sole issue and affirm the judgment. 
 
 
                                                                  Sam Nuchia
                                                                  Justice

Panel consists of Justices Nuchia, Alcala, and Hanks.