Opinion Issued May 12, 2005




     



In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00535-CV




FORT BEND COUNTY & KENDLETON INDEPENDENT SCHOOL
DISTRICT, Appellants

V.

ELSIE MARTIN-SIMON, Appellee




On Appeal from the 268th District Court
Fort Bend County, Texas
Trial Court Cause No. 98-CV-103880




O P I N I O N

          In this appeal, appellants, Fort Bend County and Kendleton Independent
School District (“the taxing entities”), challenge the trial court’s entry of a declaratory
judgment in favor of appellee, Elsie Martin-Simon. We determine whether (1) the
trial court possessed subject-matter jurisdiction to enter the declaratory judgment; (2)
the trial court possessed subject-matter jurisdiction to enter an award for attorney’s
fees; (3) appellants had standing to attack the trial court’s award of attorney’s fees
directly to the Teltschik Law Firm, Elsie Martin-Simon’s attorneys; and (4) the trial
court erred in awarding Elsie Martin-Simon all writs and processes necessary for the
collection and enforcement of the judgment. We affirm.
Factual and Procedural Background
          On August 1, 1991, Lloyd C. Martin deeded his interest in a tract of land in
Elizabeth Powell League to his four children in equal parts. On July 1, 1995, Lloyd
C. Martin died. 
          On March 19, 1998, the taxing entities sued Lloyd C. Martin and any unknown
heirs for delinquent taxes in cause number 103880. That suit alleged that taxes were
due for property described as an undivided interest of 36.52 per cent in 31.5 acres in
Elizabeth Powell League for the years 1977, 1978, and 1984 through 1991. On the
same date, in cause number 103882, the taxing entities sued Elsie Martin-Simon for
delinquent taxes on an undivided 25 per cent of the same 31.5 acres in Elizabeth
Powell League from 1990 through 1997. In October 1998, Elsie Martin-Simon paid
the delinquent taxes she for which she had been sued in cause number 103882. That
suit was subsequently dismissed. 
          On October 12, 2001, Elsie Martin-Simon filed an answer and counterclaim in
cause number 103880, the suit against her deceased father and any unknown heirs,
alleging the affirmative defenses of payment, accord and satisfaction, and release. 
Three days later, the taxing entities filed an amended pleading in cause number
103880, adding Lloyd C. Martin’s children as defendants. In January 2002, the
taxing entities filed, and the trial court granted, a motion for non-suit in cause number
103880. 
          On January 30, 2004, the trial court entered a declaratory judgment in cause
number 103880 in favor of Elsie Martin-Simon, stating that the ad valorem taxes as
to her 25 per cent undivided interest in the property conveyed to her by her father had
been fully paid through December 31, 2004. The trial court also awarded Elsie
Martin-Simon $10,000 for trial fees, and an additional $30,000 and $50,000 for
successful appeals to the Court of Appeals and Texas Supreme Court, respectively. 
It is from this judgment in cause number 103880 that the taxing entities appeal. 
Jurisdiction
          In their first issue, the taxing entities contend that the trial court lacked subject-
matter jurisdiction to enter a declaratory judgment in cause number 103880 because
the declaration merely clarified Elsie Martin-Simon’s rights with respect to the
previous judgment in cause number 103882. The taxing entities also contend that the
trial court lacked subject-matter jurisdiction to enter the declaration because Elsie
Martin-Simon’s counterclaim sought no relief beyond a declaration that the plaintiffs’
claims were unfounded, which was merely a restatement of her answer and was not
a separate claim for relief. Finally, the taxing entities assert that the trial court lacked
subject-matter jurisdiction over the declaratory judgment cause of action because they
enjoy governmental immunity from suit. 
          The purpose of a declaratory action is to establish existing rights, status, or
other legal relations. Bonham State Bank v. Beadle, 907 S.W.2d 465, 467 (Tex.
1995); Republic Ins. Co. v. Davis, 856 S.W.2d 158, 164 (Tex. 1993). The
Declaratory Judgments Act (“the Act”) is “remedial” only. Bonham State Bank, 907
S.W.2d at 467. The Act does not confer additional substantive rights upon parties. 
Nor does it confer additional jurisdiction on courts. Rush v. Barrios, 56 S.W.3d 88,
105 (Tex. App.—Houston [14th Dist.] 2001, pet. denied). Whether a court has
subject-matter jurisdiction to consider an action for declaratory judgment depends
upon whether the underlying controversy falls within the constitutional and statutory
jurisdiction of that court. “The provisions of [the Act] authorizing the bringing of suit
for a declaratory judgment, do not in any way change the law as to jurisdiction of
Texas courts.” Connor v. Collins, 378 S.W.2d 133, 134 (Tex. Civ. App.—San
Antonio 1964, writ dism’d).
          A declaratory judgment is appropriate only if there is a justiciable controversy
about the rights and status of the parties and the declaration will resolve the
controversy. Bonham State Bank, 907 S.W.2d at 467. “To constitute a justiciable
controversy, there must exist a real and substantial controversy involving genuine
conflict of tangible interests and not merely a theoretical dispute.” Bexar-Medina-Atascosa Counties Water Control & Improvement Dist. No. 1 v. Medina Lake Prot.
Ass’n, 640 S.W.2d 778, 779-80 (Tex. App.—San Antonio 1982, writ ref’d n.r.e.);
Chapman v. Marathon Mfg. Co., 590 S.W.2d 549, 552 (Tex. Civ. App.—Houston
[1st Dist.] 1979, no writ). The taxing entities first contend that the trial court lacked subject-matter
jurisdiction to enter the declaratory judgment because the declaration merely
interpreted or clarified Elsie Martin-Simon’s rights with respect to the previous
judgment rendered in cause number 103882; thus, appellants contend that no
justiciable controversy existed between themselves and Elsie Martin-Simon because
her request for a declaration concerned an interest in property not the subject of cause
number 103880.Despite the taxing entities’ contention that the trial court’s declaratory
judgment merely clarified payment of taxes in cause number 103882, a suit
concerning a different property interest, the record reflects otherwise. First, Elsie
Martin-Simon did not seek a declaration merely as to the meaning of the judgment in
cause number 103882. On January 30, 2004, the trial court held a hearing at which
the taxing entities failed to appear. During that hearing, Elsie Martin-Simon testified
that she owned an undivided one-fourth interest in property deeded to her by her
father and that she had previously been sued by the taxing entities. She requested that
the trial court enter a declaration stating that she had paid all of the taxes owed on the
property through the end of 2004. The final judgment reflected this testimony and
stated that Elsie Martin-Simon had an interest in the tract of land and that the taxes
had been fully paid through the end of year 2004. This declaration went beyond the
matters upon which the taxing entities had sued in cause number 103882. 
          Moreover, a justiciable controversy did exist between Elsie Martin-Simon and
the taxing entities. In 1991, Lloyd C. Martin deeded all of his interest in the tract of
land in question to his four children in equal parts. Elsie Martin-Simon had no
interest in, or liability for, the property prior to August 1, 1991. However, the record
reflects that Elsie Martin-Simon had tendered payment for taxes assessed on the
property during 1990 and 1991. Therefore, an overlap in subject matter existed in
causes 103880 and 103882 concerning taxes assessed on the tract of land in 1990 and
1991. Thus, a justiciable controversy existed in cause number 103880 regarding
Elsie’s liability for delinquent taxes assessed during years 1990 and 1991 because she
had already paid the taxes for those years in cause number 103882. 
          The taxing entities also contend that the trial court lacked subject-matter
jurisdiction to enter the declaratory judgment because Elsie Martin-Simon’s request
for declaratory judgment was redundant to the denial of the plaintiffs’ claims, as
expressed in her answer. Again, the transcript of the hearing in the trial court and the
final judgment reflect that Elsie Martin-Simon sought more than the “mere denial”
that she asserted in her answer: the trial court declared that Elsie Martin-Simon had
paid all of the taxes due and owing on the property, not only for the years on which
the suit was based, but through the end of 2004; it also identified her interest in the
property. 
          Finally, in their reply brief, the taxing entities assert that Elsie Martin-Simon’s
declaratory judgment cause of action is barred by governmental immunity from suit. 
Under the doctrine of governmental immunity, a unit of government may not be sued
without the express consent of the Legislature. Thayer v. Houston Mun. Employees
Pension Sys., 95 S.W.3d 573, 576 (Tex. App.—Houston [1st Dist.] 2002, no pet.);
Scott v. Prairie View A & M Univ., 7 S.W.3d 717, 719 (Tex. App.—Houston [1st
Dist.] 1999, pet. denied). We defer to the Legislature to waive immunity from suit
because the Legislature is better suited than the courts “to weigh the conflicting
public policies associated with waiving immunity and exposing the government to
increased liability, the burden of which the general public must bear.” Tex. Natural
Res. Conservation Comm’n v. IT-Davy, 74 S.W.3d 849, 854 (Tex. 2002). Such
immunity, generally, serves to protect the State and its governmental units from
lawsuits for money damages. Gen. Serv. Comm’n v. Little-Tex Insulation Co., Inc.,
39 S.W.3d 591, 594 (Tex. 2001). This immunity also protects the State and its
governmental units from lawsuits that seek to control their lawful actions by a final
judgment made by a court of law. Tex. Mun. Power Agen. v. Pub. Util. Comm’n, 100
S.W.2d 510, 515 (Tex. App.—Austin 2003, pet. denied). 
          In the absence of a waiver of governmental immunity, a court has no subject-matter jurisdiction to entertain a suit against a governmental unit. Tex. Dep’t of
Transp. v. Jones, 8 S.W.3d 636, 638 (Tex. 1999). When a trial court learns that it
lacks jurisdiction to hear a cause, the court must dismiss the cause and refrain from
rendering a judgment on the merits. Freedman v. Univ. of Houston, 110 S.W.3d 504,
506 n.5 (Tex. App.—Houston [1st Dist.] 2003, no pet.).
          However, the Texas Supreme Court has noted that certain declaratory judgment
actions do not implicate the doctrine of governmental immunity. See, e.g., Tex. Educ.
Agency v. Leeper, 893 S.W.2d 432, 446 (Tex. 1994) (declaratory judgment action to
determine proper construction of compulsory school-attendance law); Tex. Highway
Comm’n v. Tex. Ass’n of Steel Importers, Inc., 372 S.W.2d 525, 530 (Tex. 1963)
(holding legislative consent not required for declaratory judgment suit against
Highway Commission to determine parties’ rights). Most pertinently, the Texas
Supreme Court has held that legislative consent is not required for a declaratory
judgment suit against the State Comptroller to determine parties’ rights under a tax
statute. Cobb v. Harrington, 190 S.W.2d 709, 712 (Tex. 1945). The governmental
immunity doctrine is not implicated in such actions because they do not attempt to
subject the State to liability. IT-Davy, 74 S.W.3d at 855. Accordingly, Texas courts
“distinguish suits to determine a party’s rights against the State from suits seeking
damages,” and “[a] party can maintain a suit to determine its rights without legislative
permission.” Fed. Sign v. Tex. S. Univ. , 951 S.W.2d 401, 404 (Tex. 1997). 
Governmental immunity is not applicable in this case because Elsie Martin-Simon’s
request for a declaratory judgment lies squarely within the category of suits to
determine rights under a tax statute for which legislative permission is not required. 
          We overrule the taxing entities’ first issue. 
Factual Sufficiency
          In their second issue, the taxing entities contend that the evidence is factually
insufficient to support the trial court’s declaration that Elsie Martin-Simon paid all
of the taxes owed on her 25 per cent interest in the property through December 31,
2004.
          We need not address this issue because appellants have withdrawn it in their
reply brief. 
Subject-Matter Jurisdiction to Award Attorney Fees
          In their third issue, the taxing entities contend that the trial court lacked
subject-matter jurisdiction to award attorney’s fees because it lacked subject-matter
jurisdiction to enter the declaratory judgment. Appellants also contend that the trial
court’s award of fees was not reasonable, necessary, equitable, or just. 
 
          The granting of attorney’s fees in a declaratory judgment action lies within the
sound discretion of the trial court and will not be overturned on appeal absent a clear
showing that the court abused its discretion. Indus. Structure & Fabrication, Inc. v.
Arrowhead Indus. Water, Inc., 888 S.W.2d 840, 844 (Tex. App.—Houston [1st Dist.]
1994, no pet.). A party bringing a counterclaim may recover attorney’s fees under the
Declaratory Judgments Act if its counterclaim is more than a mere denial of the
plaintiff’s cause of action. Id. 
          Because we have held that the trial court possessed subject-matter jurisdiction
to enter the declaratory judgment, we also hold that the trial court did not lack
subject-matter jurisdiction over Elsie Martin-Simon’s request for attorney’s fees for
the reason that the taxing entities argue. Id. Because we have held that Elsie Martin-Simon’s counterclaim constituted more than a “mere denial” of the taxing entities’
cause of action, the trial court did not lack subject-matter jurisdiction over Elsie
Martin-Simon’s request for attorney’s fees for the reason that the taxing entities
argue. See id. 
          The trial court heard uncontroverted testimony from Mr. Bradt, Elsie Martin-Simon’s attorney, regarding reasonable and necessary attorney fees prior to making
the award. Mr. Bradt testified that he had expended approximately 25 hours on this
case and, that in light of his experience, ability, and reputation, that his rate was
reasonable. The trial court’s judgment will not be reversed on appeal absent a clear
showing of abuse of discretion. Oake v. Collin County, 692 S.W.2d 454, 455-56
(Tex. 1985). Given this testimony, we cannot say that the trial court abused its
discretion in awarding fees. 
          We overrule the taxing entities’ third issue. 
          In their fourth issue, the taxing entities contend that the trial court erred in
awarding attorney’s fees directly to the Teltschik law firm because that law firm was
not named as Elsie Martin-Simon’s attorney of record in the trial below and because
Elsie Martin-Simon did not seek to have the fees awarded directly to the firm in her
pleading. 
          A claim for attorney’s fees belongs to the litigant, not to his attorney. Graco,
Inc. v. CRC, Inc. of Tex., 47 S.W.3d 742, 746 (Tex. App.—Dallas 2001, pet. denied). 
Although attorney’s fees should be awarded to a party, rather than her attorney, a
defendant who has been ordered to pay attorney’s fees has no standing to complain
if fees are awarded directly to the claimant’s attorney. Id.; Transp. Ins. Co. v. Franco,
821 S.W.2d 751, 755-56 (Tex. App.—Amarillo 1992, writ denied). Thus, the taxing
entities do not have standing to complain about the trial court’s award of attorney’s
fees directly to the Teltschik Law Firm. 
          We overrule the taxing entities’ fourth issue. 
 
Enforcement of the Judgment 
          In their fifth issue, the taxing entities contend that the trial court erred in
awarding all writs and processes necessary for collection and enforcement of the
judgment against them. 
          Political subdivisions of the State performing governmental functions are
exempt from execution or garnishment proceedings. Delta County Levee
Improvement Dist. No. 2 v. Leonard, 516 S.W.2d 911, 912 (Tex. 1974) (execution
may not be issued on a judgment against a county). Instead, mandamus is the proper
remedy by which a judgment can be enforced against a political subdivision of the
state. Id. at 912 (citing National Sur. Corp. v. Friendswood Indep. Sch. Dist., 433
S.W.2d 690 (Tex. 1968)). Through mandamus, the political subdivision can be
directed to levy and to collect sufficient taxes to satisfy judgments outstanding
against the entity when there are not sufficient funds on hand. Id. 
          Awarding Elsie Martin-Simon the right to execute the judgment was error, but
not reversible error, because this Court has the authority to modify the judgment. See
Angelina County v. Bond, 16 S.W.2d 338, 340 (Tex. Civ. App. 1929).
 

Conclusion
          We modify the judgment to excise the language allowing such writs as
necessary for collection and affirm the judgment as so modified. 
 
 
                                                             Tim Taft
                                                             Justice
 
Panel consists of Justices Taft, Keyes, and Hanks.