Affirmed and Memorandum Opinion filed May 17, 2005









Affirmed
and Memorandum Opinion filed May 17, 2005.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-04-00553-CV

____________

 

CHERYL WALLER, Appellant

 

V.

 

R. S. CONCRETE,
INC.,
Appellee

 



 

On Appeal from the 113th
District Court

Harris County, Texas

Trial Court Cause No. 02-52845

 



 

M E M O R A N D U M   O P I N I O N

Appellant, Cheryl Waller, appeals the
trial court’s judgment ordering foreclosure of a lien in favor of appellee, R.
S. Concrete, Inc. (RSC), for material that RSC supplied for the improvement of
certain real property Waller owned. 
Waller contends the trial court erred in granting foreclosure because
RSC failed to satisfy the statutory requirements for notice to Waller and
therefore the lien was invalid.  Waller
also contends the trial court erred in failing to grant her oral motion for
continuance to obtain a lawyer, and in failing to grant her motion for new
trial on the basis of the lien’s alleged invalidity.  For the reasons stated below, we affirm.








I.        Background

In 2000, Waller began a construction
project on real property she owned.  The
property was not her homestead.  She
contracted with Luna Concrete and Construction and ultimately paid Juan Luna
$29,600 for the construction project.  In
June of 2000, Luna placed an order for concrete with RSC, and RSC delivered the
concrete to the property.  Luna paid RSC
for some of the concrete, but a balance remained in the amount of $8,686.70
because Luna had paid this amount with a check that was returned for
insufficient funds.

In September 2000, RSC sent a bill to
Waller for the unpaid balance.  The bill
was sent by certified mail, return receipt requested, and Waller does not
dispute that she received it.  In October
of 2000, RSC filed a lien affidavit and claim in the Harris County real
property records, and sent a copy to Waller. 
Two years later, RSC retained an attorney to sue Waller for the unpaid
balance and to obtain judicial foreclosure of the lien.[1]  

The case was tried to the court in one day
in November 2003.  Both parties announced
ready.  Waller represented herself pro
se.  During the trial, Waller made an
oral request for a continuance, which the trial court denied.  At the conclusion of the trial, the trial
court announced that it rendered judgment in favor of RSC.  On March 1, 2004, the trial court signed a
judgment ordering foreclosure of RSC’s lien on Waller’s property.[2]  Waller moved for a new trial prior to the
entry of judgment, and the trial court denied the motion on June 7, 2004.  This appeal followed.

II.       The
Validity of the Judgment 








Waller’s primary complaint on appeal is
that the trial court erred by rendering judgment in favor of RSC, whose lien
she claims was invalid because RSC’s notice of its claim was inadequate under
Texas Property Code section 53.056.  That
section prescribes the notice claimants other than an original contractor are
to give owners before a materialman’s lien may be imposed.  “To authorize the owner to withhold funds . .
., the notice to the owner must state that if the claim remains unpaid, the
owner may be personally liable and the owner’s property may be subjected to a
lien unless: (1) the owner withholds payments from the contractor for payment
of the claim; or (2) the claim is otherwise paid or settled.”  See Tex.
Prop. Code § 53.056(d).  This
language is sometimes referred to as the “statutory warning.”  See Brown v. Dorsett Bros. Concrete Supply,
Inc., 705 S.W.2d 765, 766 (Tex. App.—Houston [14th Dist.] 1986, no writ)
(holding absence of statutory warning rendered notice defective and lien
unenforceable).  A claimant must give the
notice prescribed by section 53.056 for the lien to be valid.  Tex.
Prop. Code § 53.056(a).

The bill Waller received was in the form
of a letter informing her of the unpaid balance for the materials shipped to
her property.  The letter directed Waller
to pay the full amount immediately to “avoid further action,” but it did not include
the statutory warning language.  In
response, RSC contends that Waller has waived this issue, and even if she has
not waived it, RSC substantially complied with the notice requirement because
the billing was in its usual and customary form.  See id. § 53.056(f) (“A copy of the
statement or billing in the usual and customary form is sufficient as notice
under this section.”).

We need not determine whether RSC’s notice
was sufficient, however, because we agree that Waller waived this issue.  Although Waller complains that RSC
represented to the trial court that it had perfected its lien, at no time did
Waller raise the issue of inadequate notice to the trial court.  Other than fundamental error, to preserve a
complaint for appellate review, a party must present to the trial court a
timely request, motion, or objection with sufficient specificity as to make the
trial court aware of the complaint, unless the specific grounds are apparent
from the context.  See Tex. R. App. P. 33.1(a).  This rule is to ensure that the trial
court has the opportunity to rule on matters for which parties later seek
review in the appellate court.  Dolcefino
v. Randolph, 19 S.W.3d 906, 926 (Tex. App.—Houston [14th Dist.] 2000, pet.
denied). 








Waller suggests in her statement of the
issues that the trial court committed fundamental error by upholding the
allegedly defective lien.  However, the
Texas Supreme Court has described fundamental error as “‘a discredited
doctrine.’”  See In re B.L.D., 113
S.W.3d 340, 350 (Tex. 2003).  Fundamental
error exists only “in those rare instances in which the record shows the court
lacked jurisdiction or that the public interest is directly and adversely
affected as that interest is declared in the statutes or the Constitution of
Texas.”  Pirtle v. Gregory, 629
S.W.2d 919, 920 (Tex. 1982) (per curiam). 
Waller does not contend the court lacked jurisdiction, and she does not
argue that the alleged error directly and adversely affected the public
interest as declared in the statutes or the Constitution of Texas. 

For these reasons, we overrule this issue.

III.      The
Denial of the Motion for Continuance

Waller also contends the trial court abused its discretion by
denying Waller’s oral motion for a continuance. 


Texas Rule of Civil Procedure 251 provides in relevant part:
“No application for a continuance shall . . . be granted except for sufficient
cause supported by affidavit, or by consent of the parties, or by operation of
law.”  Tex.
R. Civ. P. 251.  Absence of
counsel is not a ground for a continuance except at the discretion of the trial
court upon cause shown or upon matters within the knowledge or information of
the judge to be stated on the record.  See
Tex. R .Civ. P. 253; Gendebien
v. Gendebien, 668 S.W.2d 905, 907 (Tex. App.—Houston [14th Dist.] 1984, no
writ).  

The grant or denial of a motion for continuance is left to
the trial judge’s sound discretion, and we will not disturb its action unless
the record discloses a clear abuse of discretion.  See State v. Wood Oil Distrib., Inc.,
751 S.W.2d 863, 865 (Tex. 1988).  If a
party moving for a continuance does not include an affidavit as required by
Rule 251, we generally will presume that the trial court did not abuse its
discretion in denying the continuance.  See
Villegas v. Carter, 711 S.W.2d 624, 626 (Tex. 1986); Waste Water, Inc.
v. Alpha Finishing & Dev. Corp., 874 S.W.2d 940, 942 (Tex. App.—Houston
[14th Dist.] 1994, no writ).








Waller cites Villegas v. Carter for the proposition
that she should have received a continuance because she did not have an
attorney.  See 711 S.W.2d at
626–27.  However, in Villegas, the
Texas Supreme Court found that the failure to grant a lay movant’s continuance
was an abuse of discretion when the trial court allowed his attorney to
withdraw only two days before trial, and the attorney refused to turn over the
client’s file and evidence, all without fault of the client.  Id. 
The Court held that when a trial court allows an attorney to voluntarily
withdraw, it must give the party time to secure new counsel and time for the
new counsel to investigate the case and prepare for trial.  Id. at 626.  

Unlike Villegas, however, this case does not involve a
last-minute withdrawal of counsel.  RSC
filed suit on October 14, 2002, and Waller was representing herself pro se when
the trial started almost fourteen months later. 
Nothing in the record indicates Waller had retained or tried to retain
counsel at any time before trial.  Waller
moved for a continuance orally, after she announced ready for trial, and while
she was on the witness stand.  Waller
made her request after RSC had finished questioning her during the presentation
of its case, and her stated reason for requesting a continuance was so that she
could get a lawyer to ask her questions on direct examination.  The trial court denied her request, stating
that Waller had “had a lot of time to get a lawyer.”  

Because Waller’s motion for continuance was not in writing
and accompanied by a sworn affidavit, as is required by Texas Rule of Civil
Procedure 251, and she showed no good cause for a continuance, the trial judge
did not abuse her discretion in denying Waller’s motion for continuance.  See id. at 626 (presumption applies
except when lay movant demonstrates attorney’s withdrawal was not movant’s
fault).

IV.      The
Denial of the Motion for New Trial








Waller also contends the trial court abused its discretion by
denying her motion for new trial.  She
contends the trial court never investigated whether the lien was actually
perfected as RSC maintained, and denied the motion for new trial even though
RSC’s notice did not include the statutory warning required by section 53.056
of the Property Code.  RSC responds that
the motion for new trial was properly denied by the trial court or overruled by
operation of law.  We review the trial
court’s decision to grant or deny a motion for new trial for abuse of
discretion.  See Strackbein v. Prewitt,
671 S.W.2d 37, 38 (Tex. 1984). 

Although Waller alleges the trial court erred because RSC’s
notice was insufficient and its lien was therefore never perfected, Waller did
not move for new trial on this basis. 
Instead, the sole argument made in Waller’s motion for new trial was
that, before she received the notice, she already had paid the contractor in
full.[3]  Waller supported her argument with a
statement to that effect in her affidavit. 
RSC responded with a document Waller apparently filed with the trial
court before trial indicating that she continued to pay the contractor after
receiving RSC’s notice, contradicting Waller’s affidavit.  On this record, we hold that Waller has failed
to demonstrate that the trial court abused its discretion in denying Waller’s
motion for new trial.

V.      Conclusion

The trial court’s judgment is affirmed.

 

 

 

 

/s/      Wanda McKee Fowler

Justice

 

 

Judgment
rendered and Memorandum Opinion filed May 17, 2005.

Panel
consists of Chief Justice Hedges and Justices Fowler and Frost.











[1]  Waller
contends she did not know RSC was represented by counsel until the day of
trial, but RSC’s petition plainly shows that an attorney filed it on RSC’s
behalf.  Further, the trial transcript
reflects that Waller understood that RSC’s counsel removed himself because of a
conflict of interest, but she apparently did not know that RSC had obtained
substitute counsel shortly before trial. 





[2]  The judgment
also ordered that RSC have judgment against Waller for $8,686.70, attorney’s
fees, post-judgment interest, and costs. 
Waller’s appeal does not address these portions of the judgment.





[3]  Waller
contends she raised the issue in a hearing on the motion for new trial, but no
transcript of such a hearing appears in the record.