Jimmy BUXANI and Sheila Buxani, d/b/a
Jewelry International, Appellants,

v.

Gregg L. NUSSBAUM, d/b/a The
Master's Builders, Appellee.

No. 04–96–00082–CV.

Court of Appeals of Texas,
San Antonio.

Feb. 19, 1997.

Jeffrey J. Czar, Laredo, for appellants.

Alejandro E. Villarreal, III, Baldemar Garcia, Jr., Person, Whitworth, Ramos, Borchers & Morales, Laredo, for appellee.

Before RICKHOFF, GREEN and DUNCAN, JJ.

## OPINION

GREEN, Justice.

This is an appeal from a county court at law judgment awarding Greg Nussbaum, doing business as The Master's Builders, $22,529 plus attorneys fees on an oral contract. On appeal, Jimmy and Sheila Buxani, doing business as Jewelry International, assert two points of error. In their first point of error, the Buxanis claim that the trial court's finding that an oral contract existed was based on insufficient evidence since mutual assent was not present. In their second point of error, they contend that there was insufficient evidence for the court to find that the Buxanis breached the written contracts.

### *Facts*

On March 2, 1994 and on April 28, 1994, the Buxanis entered into written agreements with Nussbaum for the purpose of remodeling and expanding their jewelry store. Both contracts contained a clause reading, "Any alteration or deviation from above specifications involving extra costs will be executed only upon written orders, and will become an extra charge over and above the estimate."

During the course of the remodeling of the store, the Buxanis orally requested extra work from Nussbaum and his subcontractors. The items that the Buxanis requested included suspended ceilings, a "bunch of extras" from the electrician, one-way mirrors with bronze tint instead of aluminum tint, painting of items not included in the original written contracts, additional brick work, and the purchase and installation of hand driers. Nussbaum performed the requested additional work. In August of 1994, Nussbaum presented the Buxanis with an itemized statement of the additional work performed; the Buxanis, however, refused to tender full payment. Consequently, Nussbaum ceased performance under the written contracts.

Nussbaum sued the Buxanis for breach of contract seeking the amount due for the work performed at the Buxanis' oral request. The Buxanis then countersued for breach of the written contracts. After a bench trial, the county court at law judge found that an oral agreement existed for the additional work and that the Buxanis breached the written contracts by not tendering payment, thereby excusing Nussbaum's further performance. The judge denied relief on the Buxanis' counterclaim. The court's judgment awarded Nussbaum $22,529 plus attorneys fees in the amount of $2,500. The Buxanis appealed to this Court asserting two insufficiency of evidence points.

### *Discussion*

In both of their points of error, the Buxanis challenge specific findings of fact based on the sufficiency of the evidence. Their first point of error attacks the court's fifth finding of fact in which the court found that an oral agreement existed.[1] The Buxanis allege that there was insufficient evidence to find a con-

---

1. Finding of fact number 5 provided:
   After March 2, 1994 and April 28, 1994 Defendants JIMMY BUXANI and SHEILA BUXANI D/B/A/ JEWELRY INTERNATIONAL entered into an oral agreement with Plaintiff GREGG L. NUSSBAUM wherein additional labor and materials would be requested at various times, said additional labor and materials, to be apart from the written contracts Said additional work to also be provided to the retail store located at 1318 Zaragoza St., 1318 Zaragoza St., Laredo, Texas 78040.

tract because there was no mutual assent. Their second point of error contests finding of fact number 15, in which the court found that the Buxanis' refusal to tender payment under the written contracts excused Nussbaum's performance on the written contracts.[2] The Buxanis contend that they were legally excused from paying. They claim that the extra work orders did not constitute an additional, oral contract since mutual assent was lacking; they argue that the change orders were instead alterations of the original written contracts. Because the oral requests were alterations or deviations from the written contracts and not additional contracts, they assert that Nussbaum breached the written contracts by not putting the change orders in writing as required by the written contracts. They allege that Nussbaum's breach of the contract provision excused them from paying Nussbaum. Since both of the Buxanis' arguments are dependent on an alleged lack of mutual assent and lack of an oral contract, we address both points of error together.

■ The standard of review for reviewing the factual sufficiency of a trial court's findings of fact is the same as the standard for reviewing jury findings. *Ortiz v. Jones*, 917 S.W.2d 770, 772 (Tex.1996). In reviewing the factual sufficiency of the evidence, an appellate court considers all of the evidence in the record. *Id.; Burnett v. Motyka*, 610 S.W.2d 735, 736 (Tex.1980). Reversal is only required where the finding is so against the great weight and preponderance of the evidence as to be manifestly unjust. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex.1986); *see Ortiz*, 917 S.W.2d at 772.

■ Parties form a binding contract when the following elements are present: (1) an offer, (2) an acceptance in strict compliance with the terms of the offer, (3) a meeting of the minds, (4) each party's consent to the terms, and (5) execution and delivery of the contract with the intent that it be mutual and binding. *McCulley Fine Arts Gallery, Inc. v. "X" Partners*, 860 S.W.2d 473, 477

(Tex.App.—El Paso 1993, no writ); *see Smith v. Renz*, 840 S.W.2d 702, 704 (Tex. App.—Corpus Christi 1992, writ denied). The Buxanis only contest element (3). When only the meeting of the minds is disputed, the existence of a contract is a question of fact. *Hallmark v. Hand*, 885 S.W.2d 471, 476 (Tex.App.—El Paso 1994, writ denied). In a contract implied in fact, which is the same as an express contract except for the manner of proof, the element of mutual assent can be inferred from the circumstances of the transaction. *Haws & Garrett Gen. Contractors, Inc. v. Gorbett Bros. Welding Co.*, 480 S.W.2d 607, 609 (Tex.1972); *see University Nat'l Bank v. Ernst & Whinney*, 773 S.W.2d 707, 710 (Tex.App.—San Antonio 1989, no writ). Mutual assent can arise from the parties' acts and conduct from which one party can "reasonably draw the inference of a promise." *Haws & Garrett*, 480 S.W.2d at 609–10 (quoting 1 S. WILLISTON, CONTRACTS § 22A (1957)).

■ Here, the court's fifth finding of fact specifically found the existence of an oral agreement. The court, however, did not make any specific findings regarding mutual assent. When the court files findings of fact which include some elements but omit unrequested elements essential to a ground of recovery, the omitted findings will be presumed to have been found in support of the judgment if those presumed findings are supported by evidence in the statement of facts. TEX.R. CIV. P. 299; *$47,200.00 U.S. Currency v. State*, 883 S.W.2d 302, 305–06 (Tex.App.—El Paso 1994, writ denied).

■ In the case at bar, the court easily could have found mutual assent based upon the acts and conduct of the parties. The Buxanis assented to the terms of the oral agreement through their conduct; they allowed the items to be installed and the services to be performed without objecting to anything until the time for payment arrived.

The court also could have found mutual assent based upon Nussbaum's testimony.

---

**2.** Finding of fact number 15 stated:
Defendants JIMMY BUXANI and SHEILA BUXANI D/B/A JEWELRY INTERNATIONAL failure and refusal to pay monies due pursuant to the written contracts terminates and/or excuses all further performance under the written contracts by Plaintiff GREGG L. NUSSBAUM.

Nussbaum's testimony, which the trial judge apparently chose to believe, indicated that Nussbaum told the Buxanis that an additional charge for the extra items would be required. Nussbaum also testified that the Buxanis agreed to pay for the extra work. Even if the price term was considered lacking, the court could have implied a reasonable price when all other elements of a contract had been met. *See Bendalin v. Delgado,* 406 S.W.2d 897, 900 (Tex.1966); *Pennington v. Jerry F. Gurkoff, D.O., P.A.,* 899 S.W.2d 767, 770 (Tex.App.—Fort Worth 1995, writ denied).

To prevent a presumed finding of mutual assent, the Buxanis cite to *Woodard v. Southwest States Inc.,* 384 S.W.2d 674 (Tex. 1964) for the proposition that mutual assent cannot be implied when an express contract covering the subject matter already exists. The Buxanis, however, fail to take into account the differences between their written contracts and the oral agreement. The extra items and services that the Buxanis requested were above and beyond what was included in their written contract with Nussbaum.[3]

Because the evidence in the record indicates that the Buxanis agreed to the terms of the oral agreement, a finding of mutual assent is presumed. This presumed finding supports the court's finding of the existence of an oral agreement. Consequently, the court's determination that the parties entered into an oral agreement is not so against the great weight and preponderance of the evidence as to be manifestly unjust. Because the parties entered into an additional oral agreement and not an alteration or deviation of the written contracts, Nussbaum did not breach the contract provision concerning written change orders. Thus, the Buxanis were not excused from paying for Nussbaum's services rendered under the written contracts. The court's finding that the Buxanis breached the written contracts by not tendering payment was not so against the great weight and preponderance of the evidence as to be manifestly unjust. The

Buxanis' first and second points of error are overruled.

Accordingly, we affirm the trial court's judgment.

---

**3.** Sheila Buxani even admitted in her testimony that the suspended ceilings and the hand driers were not part of the written contracts.