ACCEPTED
03-15-00034-CV
6173724
THIRD COURT OF APPEALS
AUSTIN, TEXAS
7/22/2015 11:45:43 AM
JEFFREY D. KYLE
CLERK

NO. 03-15-00034-CV

IN THE THIRD COURT OF APPEALS
AUSTIN, TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
7/22/2015 11:45:43 AM
JEFFREY D. KYLE
Clerk

JUAN O. LOPEZ d/b/a J.L. CONSTRUCTION CO.,
Appellant

v.

DAVE H. BUCHHOLZ and MARY A. BUCHHOLZ,
Appellees

On Appeal from the 274th Judicial District Court of Comal County, Texas
Cause No. C2014-0259C

**REPLY BRIEF OF APPELLANT**
**APPELLANT REQUESTS ORAL ARGUMENT**

Richard C. McSwain
Texas Bar No. 24002588
Adam J. Richie
Texas Bar No. 24064164
Ryan T. Kinder
Texas Bar No. 24065560
Jamie Cohen
Texas Bar No. 24054524
COATS | ROSE
1020 Northeast Loop 410, Suite 800
San Antonio, Texas 78209
(210) 224-7098 Telephone
(210) 212-5698 Facsimile

ATTORNEYS FOR APPELLANT

4819-7441-3093.v1

# TABLE OF CONTENTS

INDEX OF AUTHORITIES..................................................................................iv

ARGUMENTS & AUTHORITIES .................................................................1

I.      The Lopez and Preiss Affidavits Were Improperly Excluded ........................1

        A.      The Lopez and Preiss affidavits were not objectionable "interested witness" testimony and should not have been excluded under Rule 166a(c)...............................................................................................1

        B.      The Lopez and Preiss affidavits, even if self-serving, were competent summary judgment evidence, and should not have been excluded under Rule 166a(f) either. ................................................................3

        C.      Rule 193.6(a) is not applicable to Lopez's statement concerning the $5,000 payment from Dave H. Buchholz............................................4

II.     Summary Judgment Should Be Reversed .......................................................5

        A.      Lopez presented evidence of an oral contract with the Buchholzes. ....5

        B.      The Buchholzes did not prove that the extra work for the driveway, sidewalk, and flagstone was within the scope of the Original Contract or Lopez's work for Priess. ..................................................................9

        C.      Lopez presented evidence of damages. ................................................11

        D.      There is sufficient evidence that the Buchholzes were on notice of Lopez's expectation to be paid for the work in order to support Lopez's quantum meruit claim. ............................................................12

        E.      Even if the trial court's exclusion of evidence is affirmed, there is evidence presenting fact issues precluding summary judgment on quantum meruit claim. .......................................................................14

III.    The Buchholzes did not carry their burden of proving they were entitled to recover attorneys' fees on their affirmative claim.........................................15

        A.      This issue has not been waived. ..........................................................15

B. Counterclaim was for validity of lien, not suit to remove cloud on title, and therefore is a mirror-image of Lopez's constitutional lien claim. ...................................................................................16

IV. PRAYER..........................................................................................19

CERTIFICATE OF COMPLIANCE.....................................................21

CERTIFICATE OF SERVICE .............................................................21

iii

# INDEX OF AUTHORITIES

**Cases**                                                                **Page(s)**

*Breitenfeld v. SAS Institute, Inc.*,
147 S.W.3d 672 (Tex. App.—Dallas 2004, no pet.) ...........................................18

*Buxani v. Nussbaum*,
940 S.W.2d 350 (Tex. App.—San Antonio 1997, no writ).................................8

*City of Keller v. Wilson*,
168 S.W.3d 802 (Tex. 2005) ....................................................................9, 11

*DAS Inv. Corp. v. Nowak*,
No. 01–02–00140–CV, 2004 WL 396983 (Tex. App.—Houston [1st
Dist.] Mar. 4, 2004, no pet.) (mem. op.)..............................................................18

*Essex Crane Rental Corp. v. Carter*,
371 S.W.3d 366 (Tex. App.—Houston [1st Dist.] 2012, pet. denied) ..............16

*Hahn v. Love*,
321 S.W.3d 517 (Tex. App.—Houston [1st Dist.] 2009, pet. denied) ..............17

*Harris v. Balderas*,
27 S.W.3d 71 (Tex. App.—San Antonio 2000, pet. denied)...............................6

*Heldenfels Bros., Inc. v. City of Corpus Christi*,
832 S.W.2d 39 (Tex. 1992)..................................................................................12

*Indus. Structure & Fabrication v. Arrowhead Indus. Water, Inc.*,
888 S.W.2d 840 (Tex. App.—Houston [1st Dist.] 1994, no writ) ...............17, 18

*Jimoh v. Nwogo*,
No. 01-13-00675-CV, 2014 WL 7335158 (Tex. App.—Houston [1st
Dist.] Dec. 23, 2014, no pet.)...............................................................................16

*Kelly v. Brenham Floral Co.*,
No. 01-12-01000-CV, 2014 WL 4219448 (Tex. App.—Houston [1st
Dist.] Aug. 26, 2014, no pet.) ..............................................................................16

*Kennesaw Life & Acc. Ins. Co. v. Goss*,
694 S.W.2d 115 (Tex. App.—Houston [14th Dist.] 1985, writ ref'd n.r.e.)......19

iv

*Komet v. Graves*,
40 S.W.3d 596 (Tex. App.—San Antonio 2001, no pet.) ............................6, 7, 8

*Landers v. State Farm Lloyds*,
257 S.W.3d 740 (Tex. App.—Houston [1st dist.] 2008, no pet.)........................15

*Merrell Dow Pharm., Inc. v. Havner*,
953 S.W.2d 706 (Tex. 1997) ...............................................................................6

Myrex Indus., Inc. v. Ortolon,
126 S.W.3d 548 (Tex. App.—Houston [14th Dist.] 2003, pet. denied).............13

*PGP Gas Prods., Inc. v. Reserve Equip., Inc.*,
667 S.W.2d 604 (Tex. App.—Austin 1984, writ ref'd n.r.e.) .............................6

*Provident Life & Accident Ins. Co. v. Knott*,
128 S.W.3d 211 (Tex. 2003) ................................................................................9

*Rhone-Poulenc, Inc. v. Steel*,
997 S.W.2d 217 (Tex. 1999) ..............................................................................15

Sani v. Powell,
153 S.W.3d 736 (Tex. App.—Dallas 2005, pet. denied)....................................18

*Star-Telegram, Inc. v. Doe*,
915 S.W.2d 471 (Tex. 1995) ..............................................................................15

*Sw. Guar. Trust Co. v. Hardy Road 13.4 Joint Venture*,
981 S.W.2d 951 (Tex. App.—Houston [1st Dist.] 1998, pet. denied) ...............18

*Tex. Dep't of Pub. Safety v. Burrows*,
976 S.W.2d 304 (Tex. App.—Corpus Christi 1998, no pet.) .............................16

*Thomas v. Thomas*,
902 S.W.2d 621 (Tex. App.—Austin 1995, writ denied)...................................17

*Walker v. Harris*,
924 S.W.2d 375 (Tex. 1996) ..............................................................................11

**OTHER AUTHORITIES**

Rule 166a(c) ..............................................................................................1, 2, 3, 9

Rule 166a(c) and Rule 166a(f)..................................................................................1

Rule 166a(f) ...............................................................................................1, 2, 3, 4

Rule 193.6(a)................................................................................................4, 5

Rule 193.6(a)'s..................................................................................................4

Texas Rule of Appellate Procedure 9.4, I................................................................21

Texas Rule of Appellate Procedure 9.4(i)(1)...........................................................21

Texas Rule of Appellate Procedure 9.4(e)...............................................................21

Rule 9.5 of the Texas Rules of Appellate Procedure................................................21

4819-7441-3093.v1

## ARGUMENTS & AUTHORITIES

**I.  The Lopez and Preiss Affidavits Were Improperly Excluded**

**A.  The Lopez and Preiss affidavits were not objectionable "interested witness" testimony and should not have been excluded under Rule 166a(c).**

The Buchholzes emphasize that they raised separate objections to the Lopez and Preiss affidavits under both Rule 166a(c) and Rule 166a(f), and that their arguments under each subsection were "<u>not</u> the same."[1] There is no dispute that the two subsections are procedurally distinct and set forth different standards. Lopez did not conflate the Buchholzes' objections, as they contend. Section I.B. of Lopez's brief focused exclusively on the Rule 166a(c) objections to the affidavits as "self-serving" because they were made by "interested witnesses." Appropriately, the cases upon which Lopez based his argument in Section I.B were "primarily

---

[1] Neither of these points is entirely accurate. As part of their "Objections to Evidence," the Buchholzes generally objected to the Lopez and Preiss affidavits "as conclusory, self-serving, not readily controvertible, not best evidence, and containing unsubstantiated legal and factual conclusions." (C.R. 198). They did not cite to any legal authority for that objection, but in the next sentence, referred to Rule 166a(f) for the proposition that "[c]onclusory and self-serving affidavits submitted as summary judgment evidence by either the movant or the non-movant are not competent…" *Id*. The "Objections to Evidence" also state that Lopez and Preiss were "interested witnesses that require testimony that is clear, positive, direct, free from contradiction, and uncontroverted even though it could have been easily controverted" with a supporting cite to Rule 166a(c). *Id*. The Buchholzes then asserted separate "Objections to Affidavit of Juan O. Lopez" and "Objections to Affidavit of Richard Scott Preiss," which were tied to specific statements made by the affiants. (C.R. 198–200). While the Buchholzes objected to some of the statements because they were "self-serving" or made by an "interested witness," they did not specify whether those objections or arguments were being asserted under Rule 166a(c) or Rule 166a(f). *Id*.

1

concerned with application of Rule 166a(c), not Rule 166a(f)" as indeed that was the authority for which they were cited.

As previously explained, Rule 166a(c) provides that "[a] summary judgment may be based on uncontroverted testimonial evidence of an interested witness…if the evidence is clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted." TEX. R. CIV. P. 166a(c). Critically, the requirements set forth in Rule 166a(c) apply only where a party seeks to introduce the affidavit of an interested witness as the basis for summary judgment. Those same requirements do not apply to the testimonial evidence of an interested witness that is offered by a non-movant, like Lopez, to raise a fact issue and defeat summary judgment. Although the Buchholzes do not take issue with this proposition, they argued to the trial court that "[u]nless the affidavits [of Lopez and Preiss] met the elevated requirements of Rule 166a(c), the affidavits could not support a summary judgment." This was incorrect. The "interested witness" affidavits did not have to meet the elevated requirements of Rule 166a(c) because they were not introduced to "support a summary judgment." They were introduced to raise a fact issue and were admissible for that purpose.

Any objection to the affidavits under Rule 166a(c), an inapplicable standard, should not have been sustained. To circumvent Lopez's reasoning, the Buchholzes

2

claim that the trial court's decision to exclude the affidavits was premised on Rule 166a(f) rather than Rule 166a(c). However, the trial court sustained all of the Buchholzes' objections without specifying the legal basis for its decision to exclude the affidavits in their entirety. To the extent the decision was premised on Rule 166a(c), it was an abuse of discretion that must be reversed on appeal.

## B. The Lopez and Preiss affidavits, even if self-serving, were competent summary judgment evidence, and should not have been excluded under Rule 166a(f) either.

Assuming *arguendo* that the trial court excluded the Lopez and Preiss affidavits under Rule 166a(f), which is not supported by the record, its decision was still improper. Rule 166a(f) states, in pertinent part, that "supporting and opposing summary judgment affidavits shall be made on personal knowledge and shall set forth such facts as would be admissible in evidence…" TEX. R. CIV. P. 166a(f).[2] Notably, though, Rule 166a(f) does not contain a blanket prohibition against "self-serving" or "interested witness" affidavits provided that they comply with these requirements.[3]

---

[2] Rule 166a(f) also states that the summary judgment affidavit affirmatively show that the affiant is competent to testify to the matters stated therein, but the Buccholzes did not object to the affidavit of Lopez or of Preiss on this basis and did not include this requirement when they quoted to Rule 166a(f) in their response.

[3] The Buchholzes' do not cite to any authority in support of their argument that self-serving statements are "not admissible evidence," "have no evidentiary value," and "serve() no useful purpose other than furthering or reinforcing a party's position." No such authority exists. A party's own testimony is often self-serving but that alone is an insufficient reason to disregard the evidence.

3

The Lopez and Preiss affidavits satisfied Rule 166a(f). They were based on personal knowledge and, contrary to the Buchholzes' objections, each affidavit set forth facts otherwise admissible in evidence. Consistent with the analysis in Lopez's brief, none of the statements in the Lopez affidavit or the Preiss affidavit were conclusory. Lopez's testimony in Paragraphs 5 and 6 concerning the partial payment made by Dave H. Buchholz under his personal bank account did not violate the best evidence rule and, as further explained below, was not subject to Rule 193.6(a)'s evidentiary exclusion. Preiss' statement in Paragraph 9 did not constitute inadmissible hearsay. Because the affidavits recited facts uniquely with the Lopez's and Preiss' personal knowledge, they were competent summary judgment evidence under Rule 166a(f). That they may also have been serving, without more, did not render them incompetent. The trial court's decision to exclude the affidavits from evidence was an abuse of discretion and must be reversed.

**C.**     **Rule 193.6(a) is not applicable to Lopez's statement concerning the $5,000 payment from Dave H. Buchholz.**

The Buchholzes continue to argue that Rule 193.6(a) prohibits admission of Lopez's statement that he received a $5,000 payment that was "paid directly by Mr. Buchholz on August 22, 2013, under his personal bank account," because Lopez never produced a copy of the check. Rule 193.6(a) only concerns the exclusion of evidence that was not disclosed in response to a discovery request.

4

TEX. R. CIV. P. 193.6(a). The Buchholzes contend that since the actual check was not produced, no evidence of the payment itself can be introduced into evidence. This is not what Rule 193.6(a) proscribes, and the Buchholzes do not cite to any authority in support of their position. Lopez did not attempt to introduce a check to prove payment. Instead he provided his statement of his own personal recollection of the facts in this case. This statement is not subject to the limitations in Rule 193.6(a), and the trial court necessarily abused its discretion in excluding this evidence on this basis.

## II.     Summary Judgment Should Be Reversed

Because the affidavits are admissible, the evidence presented by Lopez unquestionably creates a fact issue requiring reversal of the summary judgment. However, even if this Court were to affirm the trial court's order sustaining the objections to the affidavits, the summary judgment record still contains evidence creating a material issue of genuine fact as to the elements of Lopez's quantum meruit claim.

### A.     Lopez presented evidence of an oral contract with the Buchholzes.

The Buchholzes argue that there is no evidence of an oral agreement between Lopez and the Buchholzes for driveway, sidewalk, and flagstone work at issue in this case. But the Buchholzes fail to take into account all of the evidence presented to the trial court. In its totality, the evidence consisting of the invoices,

5

Lopez's affidavit, Priess' affidavit, and the evidence presented by the Buchholzes "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions," and therefore requires reversal of summary judgment. *Merrell Dow Pharm., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997) (citations omitted).

The main argument the Buchholzes make is that Lopez's affidavit never uses the magic words "contract" or "agreement." However, the Buchholzes do not cite to any authority that such language is necessary to constitute evidence of an oral contract, and Lopez is not aware of any. As stated in Lopez's brief, the existence of an oral contract may be proved by circumstantial evidence as well as direct evidence. *Harris v. Balderas*, 27 S.W.3d 71, 77 (Tex. App.—San Antonio 2000, pet. denied); *PGP Gas Prods., Inc. v. Reserve Equip., Inc.*, 667 S.W.2d 604, 607 (Tex. App.—Austin 1984, writ ref'd n.r.e.). Courts must use an objective standard when determining whether a contract formed, considering what the parties did and said, not their subjective states of mind. *Komet v. Graves*, 40 S.W.3d 596, 601 (Tex. App.—San Antonio 2001, no pet.). Whether or not Lopez's affidavit used the word "contract" is not determinative. Instead, the affidavit shows how the parties' contract was formed ("at the direct request of Dave H. Buchholz"), the parties' conduct under the contract ("Dave H. Buchholz approved the work" and Lopez "performed in accordance with the instruction given by Dave H. Buchholz"), that Lopez performed his obligations under the contract, and the Buchholzes only

6

partially performed by making an initial payment for $5,000. (C.R. 189–190). Each of these statements support the existence of a contract.

The Buchholzes also argue that Lopez's affidavit is deficient in spelling out the basic terms of the parties' agreement. But this argument fails to consider the evidence as a whole. The Buchholzes complain that the Lopez affidavit does not describe the work referenced, but the invoices provide a description of the work performed. (C.R. 191). Priess' affidavit also describes the extra work Lopez performed directly for the Buchholzes. (C.R. 192–193). The Buchholzes also complain that the Lopez affidavit does not provide concrete details or background facts such as the dates the work was performed or the specific instructions that Mr. Buchholz gave Lopez. The fault in this argument is that these are ancillary facts that do not go towards whether a contract was formed, and they do not negate the statements and evidence of the parties' contract.

The Buchholzes' reliance on *Residential Dynamics, LLC v. Loveless* to distinguish this case is unpersuasive because the holding in that case was only that the affidavit was "sufficient to raise a fact issue as to whether the parties formed an agreement." 186 S.W.3d 192, 198 (Tex. App.—Fort Worth 2006, no pet.). The contract and the dispute in that case was more complex because it dealt with how the contractor would be paid out of the sales proceeds of the property and how much would he receive. *Id*. at 194, 197. The basic terms of the contract in this case

7

is simpler—the Buchholzes requested Lopez to perform the driveway, sidewalk and flagstone work and agreed to pay Lopez for the work. The terms are presented in Lopez's affidavit and the invoices, but they can also be inferred by the parties' conduct. *Komet*, 40 S.W.3d at 601; *Buxani v. Nussbaum*, 940 S.W.2d 350, 353 (Tex. App.—San Antonio 1997, no writ). Lopez performed the work. (C.R. 189–191). Lopez invoiced the Buchholzes for the work. *Id*. The Buchholzes made a $5,000 partial payment for the work. *Id*. In this way, this case is similar to the facts in *Buxani* where the San Antonio Court of Appeals concluded that the owners of a jewelry store assented to the terms of the oral contract for extra work during construction of the store based on the owners' conduct, including the fact that they allowed work to begin and continue without objection or question until the contractor billed them for the work. *Id*. Evidence that the Buchholzes requested the additional driveway, sidewalk, and flagstone work, that they approved such work, partially paid for the work, and did not object until Lopez sought the remaining amounts owed for the work, is enough to infer that the parties had an oral contract. It is certainly enough to allow people to differ in their conclusions, and is therefore sufficient to reverse the trial court's summary judgment.

8

**B.    The Buchholzes did not prove that the extra work for the driveway, sidewalk, and flagstone was within the scope of the Original Contract or Lopez's work for Priess.**

The Buchholzes also argue that they have conclusively negated an element of Lopez's breach of contract, quantum meruit, and constitutional lien claims because the Original Contract between the Buchholzes and Priess covered the disputed work. The Buchholzes have the burden of proving that there are no genuine issues of material fact on this point. TEX. R. CIV. P. 166a(c); *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). Furthermore, this court must view all of the evidence in the light most favorable to Lopez. *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). Taking into account these rules, the Buchholzes have not met their burden.

The issue is whether the driveway, sidewalk and flagstone work was required by the Original Contract. Despite the Buchholzes contentions to the contrary, the evidence presented to the trial court does not show that the Original Contract was the only contract, or that the driveway, sidewalk, and flagstone work that is the subject of Lopez's claim was within the scope of the Original Contract. The Original Contract does not specify that such work is within its scope. (C.R. 127–131). Priess, the general contractor and party to the Original Contract, averred that such work was extra work that was not within the scope of the Original Contract and that he did not hire Lopez to perform the work. (C.R. 192–193). The

9

Buchholzes brief fails to even acknowledge the statements by Priess in arguing this point. The Buchholzes are simply incorrect in stating that *all* of the summary judgment evidence shows that the work at issue was within the scope of the Original Contract with Priess, and the conflicting evidence creates an issue of fact.

Lopez does not dispute that he was originally a subcontractor for Priess on this project, and that the poured the slab and performed framing work under Priess. (C.R. 36); (C.R. 108); (C.R. 132); (C.R. 136); (C.R. 138). But the Buchholzes take this evidence and then make the illogical conclusion that any work that Lopez did on the property had to be as a subcontractor of Priess. Both Lopez's and Priess' affidavits refute this point.

The Buchholzes support this argument by pointing to Lopez's prior invoices to Priess for the slab and framing as being indistinguishable from the invoices for the extra driveway, sidewalk, and flagstone work. The only similarities, however, are that all of Lopez's invoices are on the same form and all reference the Buchholzes home. The Buchholzes further argue that some of the invoices submitted to Priess and the invoices at issue do not contain any information in the "SOLD TO" section of the form. Such evidence might support their position in this case, but it does not conclusively prove that the invoices for the driveway, sidewalk, and flagstone work were submitted to Priess for payment or that such work was done as a subcontractor for Priess when both Lopez and Priess stated

10

that it was not. Again, the fact that some work was done as Priess' subcontractor does not conclusively prove that all work was. This is especially true when Lopez presented competent summary judgment evidence refuting the Buchholzes' contention.

The Buchholzes have not presented any definitive proof that the extra driveway, sidewalk, and flagstone work at issue in this case was within the scope of the Original Contract with Priess. The Original Contract and the documents relating to Lopez's prior work on the home are circumstantial at best in supporting the Buchholzes position. Regardless, Priess' affidavit directly contradicts the Buchholzes' position. Viewing the evidence in the light most favorable to Lopez, this Court cannot conclude that the Buchholzes met their burden of conclusively establishing the absence of a material fact on whether the Original Contract included the driveway, sidewalk, and flagstone work at issue. *City of Keller*, 168 S.W.3d at 827; *Walker v. Harris*, 924 S.W.2d 375, 377 (Tex. 1996).

### C.    Lopez presented evidence of damages.

The Buchholzes also contend that Lopez failed to present evidence of damages. However, the only argument they make is that the amounts in Lopez's affidavit and the invoices are not calculated correctly and are not "reasonable and necessary." Lopez only needed to present evidence that he had been damaged in order to survive summary judgment on his claims. He did this by stating that he

11

had not been paid for the work. (C.R. 189). The invoices also show the value of the work that the Buchholzes have not paid. (C.R. 191). The Buchholzes may dispute the amount or the reasonableness of the claimed amount, but Lopez has put forth evidence of some amount of monetary damage and the Buchholzes have failed to prove as matter of law that Lopez has not been damaged at all.

**D.      There is sufficient evidence that the Buchholzes were on notice of Lopez's expectation to be paid for the work in order to support Lopez's quantum meruit claim.**

The only additional argument advanced by the Buchholzes regarding Lopez's quantum meruit claim is that there is no evidence that they were notified that Lopez expected them to pay for the work at the time it was accepted. They argue there was no notice that Lopez expected the Buchholzes to pay until January 30, 2014. The record disproves their contention, however.

One element of a quantum meruit claim is that the person sought to be charged is reasonably notified that the plaintiff in performing the services was expecting to be paid by the person sought to be charged. *Heldenfels Bros., Inc. v. City of Corpus Christi*, 832 S.W.2d 39, 41 (Tex. 1992). As one court noted:

> The "notice" element focuses on what the recipient of the services knew or should have known at the time the services were accepted. The claimant must prove the services "were accepted by the person sought to be charged… under such circumstances as reasonably notified the person… that the plaintiff in performing the services was expecting to be paid."

12

*Myrex Indus., Inc. v. Ortolon,* 126 S.W.3d 548, 551 (Tex. App.—Houston [14th Dist.] 2003, pet. denied) (citing *Heldenfels Bros., Inc.,* 832 S.W.2d at 41). Viewing the evidence in favor of Lopez in this case, there is sufficient evidence that the Buchholzes were on notice of Lopez's expectation of payment when the services were accepted.

One of the invoices was dated October 7, 2013, and Lopez's affidavit states that he submitted both invoices to Dave H. Buchholez for payment on or about October 7, 2013. (C.R. 189–191). The October 7, 2013 invoice shows a $5,000 payment, and Lopez testified that Mr. Buchholz paid this $5,000 on August 22, 2013. *Id*. Lopez further averred that Mr. Buchholz approved the work and made the $5,000 partial payment. *Id*. Evidence that the invoices were submitted to the Buchholzes for the work and that they made a partial payment upon acceptance of the work supports Lopez's claim that the Buchholzes were on notice of Lopez's expectation of payment at the time the services were accepted. It certainly contradicts the Buchholzes argument that they were not notified of Lopez's claim for payment until the January 30, 2014 demand letter. As such, the evidence raises a fact issue on this element requiring this Court to reverse the trial court's summary judgment.

13

4819-7441-3093.v1

**E.** **Even if the trial court's exclusion of evidence is affirmed, there is evidence presenting fact issues precluding summary judgment on quantum meruit claim.**

The Buchholzes allege that they objected to the Lopez and Priess affidavits in their entirety, but the pleadings disprove their contention. The opening paragraph of their objection requests the trial court "strike **<u>portions</u>** of the Plaintiff's affidavits attached to their Response." (C.R. 196) (emphasis added). The Buchholzes then made objections to Paragraphs 4 through 8 of Lopez's affidavit. (C.R. 197–199). They did not lodge an objection to Paragraph 9 of that affidavit.

Paragraph 9 of Lopez's affidavit and the invoices present evidence raising genuine issues of fact as to each element of Lopez's quantum meruit claim by showing that Lopez did the work for the Buchholzes and submitted invoices to them for payment. (C.R. 190–191). The Buchholzes argue that this does not prove the work was outside the scope of the Original Contract with Priess. Again, whether the work was within the scope of the Original Contract is a fact that the Buchholzes had the burden of conclusively proving, which they did not meet. The burden was not on Lopez to prove that the services represented in the invoices was not within the scope of the Original Contract. Lopez only had to present more than a scintilla of evidence raising genuine issues of material fact as to the elements of his claim. At a minimum, the invoices and Lopez's statements in Paragraph 9 raise questions as to whether there was a separate agreement or that the work was

14

outside of the Buchholzes' Original Contract with Priess. (C.R. 190–191). The Court must view evidence in light most favorable to Lopez and indulge every inference, and here that means viewing this evidence as extra work separate and apart from the Original Contract between the Buchholzes and Priess. As such, the trial court's summary judgment must be reversed as to Lopez's quantum meruit claim regardless of this Court's determination on the Buchholzes objections to the summary judgment evidence.

## III. The Buchholzes did not carry their burden of proving they were entitled to recover attorneys' fees on their affirmative claim.

### A. This issue has not been waived.

Lopez's fourth issue, whether summary judgment and award of attorneys' fees was proper on the Buchholzes' counterclaim, is properly before the Court because the Buchholzes had the burden of proof of showing that they were entitled to judgment as a matter of law on this claim. *Rhone-Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 223 (Tex. 1999); *Star-Telegram, Inc. v. Doe*, 915 S.W.2d 471, 474 (Tex. 1995); *see also Landers v. State Farm Lloyds*, 257 S.W.3d 740, 746 (Tex. App.—Houston [1st dist.] 2008, no pet.) ("deficiencies in the movant's own proof or legal theories might defeat the movant's right to judgment as a matter of law"). As such, Lopez was not even required to respond to the Buchholzes' summary judgment motion on this claim in order to argue on appeal that the Buchholzes did not meet their burden. *See id*.

15

4819-7441-3093.v1

The Buchholzes reliance on cases involving with preservation of complaints of attorneys' fees awards following trial is misplaced in this instance.[4] Lopez is not simply challenging the sufficiency of evidence of the Buchholzes attorneys' fees. Lopez is challenging whether the Buchholzes proved that they were entitled to judgment on their counterclaim as a matter of law in the first place. The Buchholzes were required to establish to the trial court that they had a legal cause of action under the Declaratory Judgment Act. Whether the Buchholzes carried their burden cannot be waived on appeal, and this issue can be addressed by this Court.

> **B.      Counterclaim was for validity of lien, not suit to remove cloud on title, and therefore is a mirror-image of Lopez's constitutional lien claim.**

The Buchholzes argue that their counterclaim is not a mirror-image of Lopez's constitutional lien claim by attempting to recast their claim as a declaration to remove cloud on title. The only problem is that the Buchholzes counterclaim did not seek this type of relief.

A claim or suit to clear title or quiet title—also known as a suit to remove cloud from title—is a distinct cause of action in equity. *Essex Crane Rental Corp.*

---

[4] The cases cited by the Buchholzes all concern challenges to the factual sufficiency of evidence of attorneys' fees presented at trial and the failure to make an objection at trial or in a motion for new trial. *See Tex. Dep't of Pub. Safety v. Burrows*, 976 S.W.2d 304, 307 (Tex. App.—Corpus Christi 1998, no pet.); *Jimoh v. Nwogo*, No. 01-13-00675-CV, 2014 WL 7335158, at *4 (Tex. App.—Houston [1st Dist.] Dec. 23, 2014, no pet.); *Kelly v. Brenham Floral Co.*, No. 01-12-01000-CV, 2014 WL 4219448, at *4 (Tex. App.—Houston [1st Dist.] Aug. 26, 2014, no pet.).

16

*v. Carter*, 371 S.W.3d 366, 388 (Tex. App.—Houston [1st Dist.] 2012, pet. denied); *Hahn v. Love*, 321 S.W.3d 517, 531–32 (Tex. App.—Houston [1st Dist.] 2009, pet. denied) ("The principal issue in a suit to remove a cloud from a title… is the existence of a cloud that equity will remove."). A person bringing such a claim "must prove, as a matter of law, that he has a right of ownership and that the adverse claim is a cloud on the title that equity will remove." *Hahn*, 321 S.W.3d at 531.

The Buchholzes did not bring a claim to remove cloud on title. The Buchholzes counterclaim only sought a declaration that Lopez was "not entitled to any Constitutional Mechanic's and Materialman's Lien on the Property." (C.R. 41). In the case cited by the Buchholzes in support of their argument, the defendant's counterclaim specifically sought a declaration to remove the cloud on title. *Indus. Structure & Fabrication v. Arrowhead Indus. Water, Inc.*, 888 S.W.2d 840, 844–45 (Tex. App.—Houston [1st Dist.] 1994, no writ). The Buchholzes did not do that in this case. As such, their claim is merely to declare Lopez's constitutional lien invalid. But a valid constitutional lien is an element of Lopez's claim, and the Buchholzes' counterclaim is on an issue that was already before the court. As such, the counterclaim merely sought resolution of an issue already before the trial court through Lopez's claim. Such a claim cannot support recovery of attorneys' fees under the Declaratory Judgment Act. *Thomas v. Thomas,* 902

17

S.W.2d 621, 626 (Tex. App.—Austin 1995, writ denied); *Breitenfeld v. SAS Institute, Inc.*, 147 S.W.3d 672, 679–80 (Tex. App.—Dallas 2004, no pet.) ("attorney's fees are not authorized where a counterclaim requests a declaratory judgment that is the mirror image of a claim already asserted by an adversary in the suit").

But even assuming *arguendo* that the Buchholzes' appellate argument is correct, and their counterclaim is really to remove a cloud on title, there would still not be a valid legal basis for the trial court's award of attorneys' fees. This is because "[a]ttorney's fees are not available in a suit to quiet title or to remove cloud on title" and "the declaratory judgment act will not supplant a suit to quiet title by allowing attorney's fees under these circumstances." *Sw. Guar. Trust Co. v. Hardy Road 13.4 Joint Venture*, 981 S.W.2d 951, 956 (Tex. App.—Houston [1st Dist.] 1998, pet. denied);[5] *see also Sani v. Powell*, 153 S.W.3d 736, 746 (Tex. App.—Dallas 2005, pet. denied) ("In substance Powell's claim for declaratory relief is a claim to quiet title.... We conclude ... that Powell was not entitled to an award of attorney's fees under the Texas Declaratory Judgments Act."); *DAS Inv. Corp. v. Nowak*, No. 01–02–00140–CV, 2004 WL 396983, at *2–3 (Tex. App.—Houston [1st Dist.] Mar. 4, 2004, no pet.) (mem. op.) (where counterclaim alleged

---

[5] The First Court of Appeals disagreed with the holding in *Indus. Structure & Fabrication v. Arrowhead Indus. Water, Inc.*, 888 S.W.2d 840, 844–45 (Tex. App.—Houston [1st Dist.] 1994, no writ), the case cited by the Buchholzes, and distinguished that case because the issue of whether the declaratory judgment was merely a suit to quiet title was never raised in that case.

4819-7441-3093.v1

liens were clouds on title and were unenforceable and prevented defendants from having good and marketable title to property, defendants could not recover attorney's fees under Declaratory Judgments Act because claim was one to quiet title); *Kennesaw Life & Acc. Ins. Co. v. Goss*, 694 S.W.2d 115, 117–18 (Tex. App.—Houston [14th Dist.] 1985, writ ref'd n.r.e.) (Declaratory Judgments Act could not be used to recover attorney's fees for a suit brought to remove cloud from title). Thus, even under the Buchholzes interpretation of their counterclaim, they still are not legally entitled to recovery of attorneys' fees. This Court should therefore reverse the trial court's award regardless of the theory put forth by the Buchholzes.

## IV.   PRAYER

WHEREFORE, PREMISES CONSIDERED, Appellant Juan O. Lopez d/b/a J.L. Construction Co. prays that this Court (1) REVERSE the trial court's order sustaining Appellees Dave H. Buchholz and Mary A. Buchholz's objections to Appellant's summary judgment evidence; (2) REVERSE the trial court's order granting summary judgment; (3) REVERSE the trial court's Final Judgment entered on January 14, 2015; (4) REMAND the case to the trial court for further proceeding; and that Appellant be granted such other and further relief, at law or in equity, to which it may show itself justly entitled.

19

Respectfully submitted,

**COATS | ROSE**

By: */s/ Richard C. McSwain*
Richard C. McSwain
Texas Bar No. 24002588
Adam J. Richie
Texas Bar No. 24064164
Ryan T. Kinder
Texas Bar No. 24065560
Jamie Cohen
Texas Bar No. 24054524
1020 Northeast Loop 410, Suite 800
San Antonio, Texas 78209
(210) 224-7098 Telephone
(210) 212-5698 Facsimile

ATTORNEYS FOR APPELLANT

20

## CERTIFICATE OF COMPLIANCE

As required by Texas Rule of Appellate Procedure 9.4, I HEREBY CERTIFY that:

1.    This appellant's reply brief contains 4,780 words, as determined by the computer's word-count function, excluding the sections of the document listed in Texas Rule of Appellate Procedure 9.4(i)(1).

2.    This appellant's brief complies with the typeface requirements of Texas Rule of Appellate Procedure 9.4(e) because it has been prepared in a proportionally spaced typeface using Microsoft Word 2010 in 14-point Times New Roman font for the text and 12 point Times New Roman font for the footnotes.

*/s/ Richard C. McSwain*
Richard C. McSwain

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing instrument was delivered to all counsel of record in accordance with Rule 9.5 of the Texas Rules of Appellate Procedure on this 22nd day of July, 2015.

Charles M.R. Vethan
Joseph L. Lanza
J. Seth Grove
VETHAN LAW FIRM, PC
8700 Crownhill Blvd, Suite 302
San Antonio, Texas 78217
Attorneys for Appellees
Via Facsimile: (210) 826-2223

*/s/ Richard C. McSwain*
Richard C. McSwain

21

4819-7441-3093.v1